UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY BUCHANAN<br><br>Plaintiff,<br><br>v.<br><br>ATRIA SENIOR LIVING, INC., ET AL.<br><br>Defendant. | No. 2:22-cv-00279-DAD-CKD<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 10) |

This matter is before the court on plaintiff's motion to remand this action to the Placer County Superior Court. (Doc. No. 10.) On March 31, 2022, plaintiff's motion was taken under submission by the previously assigned district judge on the papers. (Doc. No. 12.) On August 25, 2022, the case was reassigned to the undersigned. (Doc. No. 13.) For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On January 7, 2022, plaintiff filed this action against defendants Atria Senior Living, Inc., Atria Management Company, LLC, and Does 1–50 ("defendants") in the Placer County Superior Court. (Doc. Nos. 3 at 6–21; 10 at 3.) In her complaint, plaintiff asserts six causes of action: (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) retaliation in violation of California Fair Employment and Housing Act ("FEHA"); (5) violation of the California Family Rights Act; and (6) wrongful termination in violation of

1

public policy. (Doc. Nos. 3 at 9–16; 10 at 3.) As to each of these causes of action, plaintiff seeks damages for "substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, and future medical expenses" as a result of defendants' alleged conduct. (Doc. No. 3 at 6–16.) Plaintiff also seeks recovery of attorneys' fees and litigation costs. (Doc. No. 11 at 2.)

On February 14, 2022, defendants removed this action to this federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that diversity jurisdiction exists because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000. (Doc. No. 1.) On March 16, 2022, plaintiff moved to remand this action to the Placer County Superior Court, arguing that the amount-in-controversy requirement under 28 U.S.C. § 1332 is not met here. (Doc. No. 10.) On March 30, 2022, defendant filed an opposition to plaintiff's motion to remand. (Doc. No. 11.) Plaintiff did not file a reply in support of the pending motion.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1118 (9th Cir. 2004).

/////

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1447(c). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

The party asserting diversity jurisdiction bears the burden of proving by a preponderance of the evidence—that is, that it is "more likely than not"—that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Comm. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail N. Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *accord Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).[1] Moreover, "a court must include [actual and] future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

/////

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

3

## ANALYSIS

Plaintiff contends that defendant improperly removed this action because defendants failed to satisfy its burden to establish federal subject matter jurisdiction based on diversity. (Doc. No. 10 at 3.) Plaintiff does not dispute that complete diversity of citizenship exists here. Instead, plaintiff argues that defendants have failed to show that the amount in controversy exceeds $75,000. (*Id.*) The court notes that plaintiff never claims that she seeks less than $75,000 in this action. Rather, plaintiff merely argues that defendants have not met their burden to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum; she offers no contrary evidence of her own. Moreover, in her complaint, plaintiff does not specify the amount in controversy or provide an estimate of damages sought.[2] Instead, plaintiff broadly requests the award of damages for loss of earnings, deferred compensation, employment benefits, interests, physical injuries and/or physical sickness, emotional distress, medical expenses, punitive damages, attorney's fees, and litigation costs. (Doc. No. 3 at 22.)

In opposing plaintiff's motion to remand, defendants essentially contend that based on this broad range of damages sought by plaintiff, including loss of earnings (for at least two years with her annual salary of $31,200) and attorneys' fees (for an estimated 200 hours at a reasonable rate of $400 per hour), the amount in controversy "more likely than not" exceeds the $75,000 threshold. (Doc. No. 11.) In support of their position, defendants have filed a declaration from their Senior Human Resources Director, Brian Newman, in which Mr. Newman declared that he reviewed defendants' personnel and payroll records and determined that plaintiff's annualized salary at the time of her termination on January 8, 2020 was $31,200. (Doc. No. 4 at ¶ 5.) Moreover, defendants stated in their notice of removal that "[p]laintiff will likely seek back wages for 2+ years at least at her rate of pay when she was terminated, not to mention any hazard

---

[2] Notably, when a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also Glassical Creations, Inc. v. Canter*, No. 15-cv-04358-MMM-PJW, 2015 WL 4127912, at *4 & n. 10 (C.D. Cal. July 7, 2015).

4

1   pay or other increases that may have been available to healthcare workers during the COVID-19
2   pandemic," and on that basis, conclude that "it is more than likely that Plaintiff['s] claims for lost
3   wages and benefits at trial will greatly exceed $75,000 alone." (Doc. No. 1 at 6.)  Although
4   plaintiff argues in her motion to remand that defendant's calculations are "pure speculation"
5   because they "us[e] nothing more than Plaintiff's rate of pay at the time of termination, [] without
6   knowing Plaintiff's employment status since termination," (Doc. No. 10 at 7), plaintiff did not
7   provide any evidence of her employment status since termination for the court to consider.
8   Because plaintiff has not provided any such evidence, accounting for any potential offsets or
9   mitigation in the amount-in-controversy calculation at this point would itself be "pure
10  speculation."  In the same vein, if plaintiff had stated that she is not seeking back pay for two or
11  more years, the court would have taken that into account.  However, she has not done so.

12        Given defendants' evidence regarding plaintiff's annual earnings, and in the absence of
13  evidence from plaintiff to the contrary, the court concludes that there is sufficient evidentiary
14  foundation to determine that the amount in controversy "more likely than not" exceeds the
15  jurisdictional threshold of $75,000 in this case.  Notably, because plaintiff was terminated on
16  January 8, 2020 and filed her complaint initiating this action two years later, on January 7, 2022,
17  even if the court were to only consider wages lost up to that point, that category of damages
18  would appear to potentially amount to $62,400, without considering interest.  If the court were to
19  consider wages lost up to the date of this order, the total would be roughly $85,000
20  (approximately 33 months of lost wages).  *See Chavez*, 888 F.3d at 414 ("[T]he amount in
21  controversy is not limited to damages incurred prior to removal—for example, it is not limited to
22  wages a plaintiff-employee would have earned before removal (as opposed to after removal).
23  Rather, the amount in controversy is determined by the complaint operative at the time of
24  removal and encompasses all relief a court may grant on that complaint if the plaintiff is
25  victorious.").  Thus, plaintiff's prayer for loss of earnings by itself, even before factoring in
26  plaintiff's numerous other grounds for relief, pushes the amount in controversy over $75,000.

27        The addition of an amount for plaintiff's attorneys' fees, as required, further confirms that
28  the amount in controversy here exceeds that threshold.  *See Chavez*, 888 F.3d at 417 ("the amount

in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails"); *see also Fritsch*, 899 F.3d at 794.  In her complaint, Buchanan requests an award of attorney's fees and litigation costs "in obtaining the benefits due plaintiff and for violations of plaintiff's civil rights as set for above" (Doc. No. 3 at 22), including her claim under FEHA, which permits the recovery of costs and attorney's fees to the prevailing parties.  Cal. Gov't Code § 12965(c)(6); *Williams v. Chino Valley Indep. Fire Dist.*, 61 Cal. 4th 97, 115 (2015) (holding that "a prevailing plaintiff should ordinarily receive his or her costs and attorney fees unless special circumstances would render such an award unjust.").  Defendant claims that a conservative estimate of the time expended by plaintiffs' attorneys to litigate this case would easily total 200 hours, and that at a reasonable attorney hourly rate of $400 per hour, plaintiff's attorneys' fees alone would easily exceed $80,000. (Doc. No. 11 at 9.)  Plaintiff's counsel did not dispute this estimate, disclose their actual hourly rates, or otherwise respond to defendant's argument in this regard.  Indeed, plaintiff did not file a reply to defendants' opposition at all.  In estimating future attorneys' fees, district courts may "rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Fritsch*, 899 F.3d at 795. Accordingly, based on its experience, the court finds that, even if plaintiff's counsel charges a lower hourly rate, the total amount in controversy in this case more likely than not exceeds $75,000 due to the amount of hours that plaintiff's counsel will spend litigating this case, especially when accounting for plaintiff's assertion of six separate claims.

Taken together, defendants have shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.  Because plaintiff's claims for loss of earnings and attorney's fees alone are sufficient to support this conclusion, the court need not address the other categories of damages that plaintiff seeks in this case.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand (Doc. No. 10) is denied.

IT IS SO ORDERED.

Dated:  **October 5, 2022**              /s/ Dale A. Drozd
                                         UNITED STATES DISTRICT JUDGE

7